SUMMARY ORDER

Appellant Paulina DeMarco (“DeMarco”) appeals from a final judgment entered by the United States District Court for the Eastern District of New York (Gleeson, J.) on February 3, 2009. We assume the parties’ familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.
We review evidentiary rulings by the district court for abuse of discretion. Bra *594 dy v. Wal-Mart Stores, Inc., 531 F.3d 127, 136 (2d Cir.2008). In the midst of trial, the district court must make on-the-spot decisions, carefully weighing probative value against undue prejudice for each proffered piece of evidence. Sprint/United Management Co. v. Mendelsohn, 552 U.S. 379, 128 S.Ct. 1140, 1144-45, 170 L.Ed.2d 1 (2008). Therefore, when we review those decisions, we afford the district court substantial deference. Meloff v. New York Life Ins. Co., 240 F.3d 138, 148 (2d Cir.2001).
The District Court did not abuse its discretion when it precluded DeMarco from testifying as to her co-workers’ statements to DeMarco concerning alleged encounters by the co-workers with Defendant Kevin Gersh (“Gersh”). None of these employees testified at trial, and DeMarco did not witness any of the alleged events herself. Under Federal Rule of Evidence 403, evidence may be excluded by the court if the probative value of the evidence proffered is substantially outweighed by the danger of unfair prejudice. Fed. R. Evid. 403. Allowing DeMarco to testify to hearsay statements that detail events she herself did not witness presents a significant risk of undue prejudice. DeMarco is correct that harassment experienced by other employees is relevant to hostile work environment claims, but the evidence must be firsthand accounts of the events in question. See Howley v. Town of Stratford, 217 F.3d 141, 155 (2d Cir.2000); see also Perry v. Ethan Allen, Inc., 115 F.3d 143, 150-51 (2d Cir.1997). DeMarco was certainly entitled to put witnesses on the stand and elicit testimony of their experiences with harassment to support her claim. But she was not entitled to testify as to what she heard from these employees in order to prove a hostile work environment, as the district court properly concluded.
Nor did the District Court abuse its discretion in its decision concerning a variety of other evidence that DeMarco sought to introduce. Given the purposes for which DeMarco proffered the evidence, the District Court could correctly determine that its probative value would be substantially outweighed by its prejudicial effect.
The District Court also did not abuse its discretion when it allowed limited questioning about a separate lawsuit brought by DeMarco. Because both suits alleged continuing mental anguish and emotional harm, and the events alleged in the two suits occurred close in time, inquiry into the existence of the separate suit was relevant to the issue of damages. The district court limited the inquiry to “the fact of the lawsuit” and the “emotional and physical injuries” DeMarco alleged she suffered from the acts set forth in the second suit. The court did not allow the lawsuit to be used to demonstrate that DeMarco was litigious, a line of argument forbidden by Outley v. City of New York, 837 F.2d 587, 592 (2d Cir.1988).
We have reviewed the remaining arguments and find them to be without merit.
For the foregoing reasons, the judgment of the district court is AFFIRMED.